Kimberly A. Kyle (88781)<br>
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY AT LOUISVILLE

| | |
|---|---|
| **THE CINCINNATI INSURANCE COMPANY** <br> 6200 S. Gilmore Road <br> Fairfield, OH 45014-5141 <br><br> Plaintiff, <br><br> vs. <br><br> **LOUISVILLE DISTILLING COMPANY, INC.** <br> Via Registered Agent: Wesley Henderson <br> 6702 Clore Lake Road <br> Crestwood, KY  40014 <br><br> and <br><br> **MARIO ALIANO** <br> 90 North Island Avenue <br> Batavia, IL  60510 <br><br>     Pursuant to KRS 454.210 serve: <br>     Secretary of State of Kentucky <br>     P.O. Box 718 <br>     Frankfort, KY  40602-0718 <br><br> and <br><br> **DUE FRATELLI, INC.** <br> Via Registered Agent: Mario Aliano <br> 90 North Island Avenue <br> Batavia, IL  60510 <br><br>     Pursuant to KRS 454.210 serve: <br>     Secretary of State of Kentucky <br>     P.O. Box 718 <br>     Frankfort, KY  40602-0718 <br><br>     Defendants. | Case No. 3:15-CV-117-CRS <br><br> (Judge Senior Judge Charles R. Simpson, III) <br><br><br><br><br> **COMPLAINT FOR** <br> **DECLARATORY JUDGMENT** |

Comes now Plaintiff, The Cincinnati Insurance Company ("CIC"), by and through counsel, and for its Complaint against Defendant, Louisville Distilling Company, LLC ("Louisville"), Mario Aliano and Due Fratelli, Inc. states and alleges as follows:

1. This is an action for declaratory judgment brought pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57 to determine the duties and obligations of Plaintiff CIC and Defendant Louisville with regard to the following insurance contracts:

- Policy No. CPP 107 88 27 – effective August 23, 2010 to August 23, 2011;
- Policy No. EPP 009 47 55 – effective August 23, 2011 to August 23, 2012;
- Policy No. EPP 009 47 55 – effective August 23, 2012 to August 23, 2013;
- Policy No. ALE 000 65 60 – effective August 23, 2013 to August 23, 2014;
- Policy No. ALE 000 65 60 – effective August 23, 2014 to August 23, 2015;

True and accurate copies of the certified Commercial General Liability Coverage Parts, Liquor Liability Coverage Parts and Commercial Umbrella Liability Coverage Parts of these Policies (hereinafter referred to as "Policies") are attached hereto as Exhibits A, B, C, D, and E.

2. Plaintiff CIC is a corporation organized under the laws of the State of Ohio and authorized by the State of Ohio and Commonwealth of Kentucky to issue policies of insurance.

3. Upon information and belief, Louisville is a corporation incorporated in and organized under the laws of the Commonwealth of Kentucky and has its principal place of business in the Commonwealth of Kentucky.

4. Upon information and belief, Defendant Aliano is a resident of the State of Illinois and Due Fratelli, Inc. is a corporation organized under the laws of the State of Illinois and has its principal place of business in the State of Illinois.

2

5. Pursuant to 28 U.S. §1391, venue is appropriate as some or all of the parties reside in the Western District of Kentucky and some or all of the acts or omissions giving rise to this controversy took place in the geographical territory represented by Western District of Kentucky.

6. Jurisdiction is based on diversity of citizenship, and is proper in this Court pursuant to 28 U.S.C. §1332 (diversity of citizenship of the parties and amount in controversy, excluding interest and costs, in excess of the jurisdictional amount), as the amount in controversy exceeds $75,000.00.

## FACTS

7. Louisville entered into contracts of insurance with CIC as follows: (hereinafter referred to as the "Policies"). See Exhibits A, B, C, D, and E.

- Policy No. CPP 107 88 27 – Effective August 23, 2010 to August 23, 2011;
- Policy No. EPP 009 47 55 – Effective August 23, 2011 to August 23, 2012;
- Policy No. EPP 009 47 55 – Effective August 23, 2012 to August 23, 2013;
- Policy No. ALE 000 65 60 – Effective August 23, 2013 to August 23, 2014;
- Policy No. ALE 000 65 60 – Effective August 23, 2014 to August 23, 2105;

8. Louisville has tendered to CIC a lawsuit captioned *Mario Aliano, et al. v. Louisville Distilling Co., Inc.*, Cook County, IL Circuit Court Case No. 2014 CH17428 (hereinafter referred to as the "*Aliano* Complaint" and attached hereto as Exhibit F).

9. Louisville seeks defense and indemnification for the *Aliano* Complaint from CIC, under the Policies.

10. Upon receipt of Louisville's notice of the *Aliano* Complaint, CIC began its investigation and issued timely reservations of rights. A true and accurate copy of the reservation of rights letter is attached hereto as Exhibit G.

11. Louisville and CIC dispute the applicability of the coverage provided under the CIC Policies with regard to the *Aliano* Complaint. Specifically, the provisions of the

Commercial General Liability Coverage Parts ("CGL") and of the Commercial Umbrella Liability Coverage Parts ("Umbrella") of the Policies are such that no "bodily injury," "property damage," "personal and advertising injury," or "occurrence" is alleged in the *Aliano* Complaint and multiple exclusions preclude coverage under the CGLs and the Umbrellas; the *Aliano* Complaint's allegations do not fall within the Insuring Agreement and/or are otherwise excluded from coverage under the Liquor Liability Coverage Parts; and, only the Policy in effect when the underlying plaintiffs' alleged injuries/damages began to take place and/or such alleged injuries/damages were first known or should have been known by Louisville should be considered as even potentially available in this Declaratory Judgment action, among other issues.

## PERTINENT POLICY LANGUAGE

12. Pertinent provisions of the Policies issued to Louisville by CIC are as follows:

I. **Pertinent Commercial General Liability Coverage Form Language.**

The Policies all contain a Commercial General Liability Coverage Form, form GA101 (12/04), which states, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    * * *

    No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

  b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)  The "bodily injury" or "property damage" occurs during the policy period; and

    (3)  Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, you did not know, per Paragraph 1.d. below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part.

  c.  "Bodily injury" or "property damage" which:

    (1)  Occurs during the "coverage term"; and

    (2)  Was not, prior to the "coverage term", known by you, per Paragraph 1.d. below, to have occurred;

includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

* * *

**2.**  **Exclusions**

This insurance does not apply to:

  **a.**  **Expected or Intended Injury**

    "Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

  **c.**  **Liquor Liability**

    "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

    (1)  Causing or contributing to the intoxication of any person;

5

  (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

  (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

* * *

**t.** **Distribution of Material in Violation of Statutes**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

* * *

  **c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

* * *

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.** **Insuring Agreement**

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

* * *

No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

  b. This insurance applies to "personal and advertising injury" only if:

    (1) The "personal and advertising injury" is caused by an offense arising out of your business; and

6

    (2)    The "personal and advertising injury" offense was committed in the "coverage territory" during the policy period; and

    (3)    Prior to the "coverage term" in which the "personal and advertising injury" offense is committed, you did not know, per Paragraph 1.d. below, that the offense had been committed or had begun to be committed, in whole or in part.

c.    "Personal and advertising injury" caused by an offense which:

    (1)    Was committed during the "coverage term"; and
    (2)    Was not, prior to the "coverage term", known by you, per Paragraph 1.d. below, to have been committed;

includes any continuation, change or resumption of that offense after the end of the "coverage term" in which it first became known by you.

d.    You will be deemed to know that a "personal and advertising injury" offense has been committed at the earliest time when any "authorized representative":

    (1)    Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "personal and advertising injury";

    (3)    First observes, or reasonably should have first observed, the offense that caused the "personal and advertising injury";

    (4)    Becomes aware, or reasonably should have become aware, by any means, other than as described in (3) above, that the offense had been committed or had begun to be committed; or

    (5)    Becomes aware, or reasonably should have become aware, of a condition from which "personal and advertising injury" is substantially certain to occur.

* * *

**2.**    **Exclusions**

This insurance does not apply to:

    a.    **Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

    b.    **Material Published With Knowledge of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

### c. Material Published Prior to Coverage Term

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the later of the following:

(1) The inception of this Coverage Part; or

(2) The "coverage term" in which insurance coverage is sought.

\* \* \*

### g. Quality or Performance of Goods – Failure to Conform to Statements

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

\* \* \*

### s. Distribution of Material in Violation of Statutes

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

\* \* \*

c. Any statute, ordinance or regulation, other than the TCPA or CAN SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

4. "Bodily injury" means bodily harm or injury, sickness, disease, disability, humiliation, shock, fright, mental anguish or mental injury, including care, loss of services or death resulting from any of these at any time.

\* \* \*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement";

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

20. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

II. **Pertinent Liquor Liability Coverage Part Language.**

The Policies also contain a Liquor Liability Coverage Form, Form GA 115 (12/04), which states, in relevant part, as follows:

**LIQUOR LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I - LIQUOR LIABILITY COVERAGE**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:

    * * *

    No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under **SUPPLEMENTARY PAYMENTS.**

    b.  This insurance applies to "injury" only if:

        (1) The "injury" occurs during the policy period in the "coverage territory"; and

        (2) Prior to the "coverage term" in which "injury" occurs, you did not know, per Paragraph **1.d.** below, that the "injury" had occurred or had begun to occur, in whole or in part.

    c.  "Injury" which:

        (1) Occurs during the "coverage term"; and

        (2) Was not, prior to the "coverage term", known by you, per Paragraph **1.d.** below, to have occurred;

    includes any continuation, change or resumption of that "injury" after the end of the "coverage term" in which it first became known by you.

    d.  You will be deemed to know that "injury" has occurred at the earliest time when any "authorized representative":

        (1) Reports all, or any part, of the "injury" to us or any other insurer;

        (2) Receives a written or verbal demand or claim for damages because of the "injury";

        (3) First observes, or reasonably should have first observed, the "injury";

10

       **(4)**    Becomes aware, or reasonably should have become aware, by any means other than as described in **(3)** above, that "injury" had occurred or had begun to occur; or

       **(5)**    Becomes aware, or reasonably should have become aware, of a condition from which "injury" is substantially certain to occur.

**2.**   **Exclusions**

This insurance does not apply to:

    **a.**   **Expected or Intended Injury**

"Injury" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the "injury" is of a different degree or type than actually expected or intended. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

    **e.**   **Your Product**

"Injury" arising out of "your product". This exclusion does not apply to "injury" for which the insured or the insured's indemnitees may be held liable by reason of:

       **(1)**    Causing or contributing to the intoxication of any person;

       **(2)**    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

       **(3)**    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

* * *

**SECTION V – DEFINITIONS**

* * *

**2.**   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**7.**   "Injury" means all damages, including damages because of "bodily injury" and "property damage", and including damages for care, loss of services or loss of support. "Injury" does not include civil or criminal fines or penalties imposed by law.

* * *

**9.**   "Property damage" means:

      a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.

* * *

13.   "Your product":

    a.    Means:

        (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a)    You;

            (b)    Others trading under your name; or

            (c)    A person or organization whose business or assets you have acquired; and

        (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.    Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2)    The providing of or failure to provide warnings or instructions.

    c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

III.   **Pertinent Commercial Umbrella Liability Coverage Form Language.**

    The Commercial Umbrella Liability Coverage Forms (Form US 101 UM (12/04)) in effect from 2013-15 state, in relevant part, as follows:

**COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM**

**SECTION I – COVERAGE**

A.   Insuring Agreement

    1.    We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:

        a.    Which is in excess of the "underlying insurance"; or

        b.    Which is either excluded or not insured by "underlying insurance".

2. This insurance applies to "bodily injury", "personal and advertising injury" or "property damage" only if:

    a. The "bodily injury", "personal and advertising injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

    b. The "bodily injury" or "property damage" occurs during the policy period shown in the Declarations; or

    c. The "personal and advertising injury" results from an "occurrence" that takes place during the policy period shown in the Declarations; and

    d. Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, or a "personal and advertising injury" offense is committed, you did not know, per Paragraph 5. below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part, or that the "personal and advertising injury" offense had been committed or had begun to be committed, in whole or in part.

3. "Bodily injury" or "property damage" which:

    a. Occurs during the "coverage term"; and

    b. Was not, prior to the "coverage term", known by you, per Paragraph 5. below, to have occurred;

includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

4. "Personal and advertising injury" caused by an offense which:

    a. Was committed during the "coverage term"; and

    b. Was not, prior to the "coverage term", known by you, per Paragraph 5. below, to have been committed;

includes any continuation, change or resumption of that "personal and advertising injury" offense after the end of the "coverage term" in which it first became known by you.

5. You will be deemed to know that "bodily injury" or "property damage" has occurred, or that a "personal and advertising injury" offense has been committed at the earliest time when any "authorized representative":

    a. Reports all, or any part, of the "bodily injury", "personal and advertising injury" or "property damage" to us or any other insurer;

      b.      Receives a written or verbal demand or claim for damages because of the "bodily injury", "personal and advertising injury" or "property damage";

      c.      First observes, or reasonably should have first observed, the "bodily injury" or "property damage", or the offense that caused the "personal and advertising injury";

      d.      Becomes aware, or reasonably should have become aware, by any means, other than as described in c. above, that "bodily injury" or "property damage" had occurred or had begun to occur, or that the "personal and advertising injury" offense had been committed or had begun to be committed; or

      e.      Becomes aware, or reasonably should have become aware, of a condition from which "bodily injury", "personal and advertising injury" or "property damage" is substantially certain to occur.

6.      The amount we will pay for damages is limited as described in SECTION III - LIMITS OF INSURANCE.

No other obligation or liability to pay sums or perform acts or services is covered, unless expressly provided for under SECTION I - COVERAGE, C. Defense and Supplementary Payments.

**B.**      **Exclusions**

This insurance does not apply to:

**2.**      **Breach of Contract, Failure to Perform, Wrong Description and Violation of Another's Rights.**

"Personal and advertising injury":

* * *

      b.      Arising out of the failure of goods, products or services to conform with any statement of quality of performance made in your "advertisement";

* * *

      d.      Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury":

**8.**      **Distribution of Material in Violation of Statutes**

>> Any liability arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> \* \* \*
>
> c.   Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

\* \* \*

13. **Expected or Intended Injury**

   > "Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually intended or expected.

\* \* \*

14. **Falsity, Prior Publication, Criminal Act and Media and Internet Type Businesses**

   > "Personal and advertising injury":
   >
   > a.   Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;
   >
   > b.   Arising out of oral or written publication or material whose first publication took place before the later of the following:
   >
   >> (1)   The inception of this Coverage Part; or
   >>
   >> (2)   The "coverage term" in which insurance coverage is sought;
   >
   > c.   Arising out of a criminal act committed by or at the direction of the insured; …

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

4.   "Bodily injury" means bodily harm or injury, sickness, disease, disability, humiliation, shock, fright, mental anguish or mental injury, including care, loss of services or death resulting from any of these at any time.

* * *

16. "Occurrence" means:

    a. An accident, including continuous or repeated exposure to substantially the same general harmful conditions, that results in "bodily injury" or "property damage"; or
    b. An offense that results in "personal and advertising injury".

All damages arising from the same accident, continuous or repeated exposure to substantially the same general harmful conditions, act or offense shall be deemed to arise from one "occurrence" regardless of:

   (1) The frequency of repetition;

   (2) The number or kind of media used; or

   (3) The number of claimants.

17. "Personal and advertising injury" means injury, including "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. Abuse of process;

    d. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    e. Defamation of character, including oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    f. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    g. The use of another's advertising idea in your "advertisement";

    h. Infringing upon another's copyright, trade dress or slogan in your "advertisement"; or

    i. Discrimination, unless insurance coverage therefor is prohibited by law or statute.

* * *

20.     "Property damage" means:

    a.     Physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.     Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, "electronic data" is not tangible property.

* * *

28.     "Your product":

    a.     Means:

        (1)     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a)     You;

            (b)     Others trading under your name; or

            (c)     A person or organization whose business or assets you have acquired; and

        (2)     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.     Includes:

        (1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your product; and

        (2)     The providing of or failure to provide warnings or instructions.

    c.     Does not include vending machines or other property rented to or located for the use of others but not sold.

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

LIQUOR LIABILTY LIMITATION (US 349 (12/04))

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY COVERAGE PART.

\* \* \*

SECTION I – COVERAGE B. Exclusions (and in the Professional Umbrella Liability Coverage Part and the Professional Umbrella Liability Coverage Part – Claims-Made only: Subparagraph 1.) is modified to add the following:

This insurance does not apply to:

Any liability for which any insured may be held liable by reason of:

a. Causing or contributing to the intoxication of any person;

b. The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

c. Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

If such liability is covered by valid and collectible "underlying insurance' as listed in the Schedule of Underlying Insurance, this exclusion shall not apply for such hazards for which coverage is afforded by such "underlying insurance."

\* \* \*

## COUNT I – DECLARATORY JUDGMENT

13. CIC incorporates by reference as if fully rewritten herein all allegations set forth above.

14. A dispute exists between CIC and Louisville as to whether CIC is obligated to defend and/or indemnify Louisville for the claims asserted against Louisville in the *Aliano* Complaint.

15. CIC requests and is entitled to a Declaration by this Court, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring the rights, duties and obligations of CIC and Louisville pursuant to the CIC Policy, and specifically declaring that CIC

is not obligated to provide a defense and/or indemnity to Louisville for the claims asserted against Louisville in the *Aliano* Complaint.

WHEREFORE, Plaintiff, The Cincinnati Insurance Company requests judgment declaring that it is not obligated to provide defense and/or indemnification for the claims asserted against Louisville Distilling Company, LLC in the *Aliano* Complaint. Plaintiff further requests its costs and expenses incurred herein including reasonable attorneys fees; and any such other and further relief as the Court may deem just and reasonable.

Respectfully submitted,

KOHNEN & PATTON LLP

/s/ Kimberly A. Kyle
Kimberly A. Kyle (88781)
PNC Center, Suite 800
201 E. Fifth Street
Cincinnati, OH 45202
(513) 381-0656 or Fax (513) 381-5823
kkyle@kplaw.com
Attorney for Plaintiff
The Cincinnati Insurance Company

4810-7838-5953.1 :CINTI.49750