UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THE CINCINNATI INSURANCE COMPANY,                                    PLAINTIFF


v.                                          CIVIL ACTION NO. 3:15-CV-00117-CRS


LOUISVILLE DISTILLING COMPANY et al.,                                DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court for consideration of two motions. The Defendants, Louisville Distilling Company ("LDC"), Due Fratelli, and Mario Aliano, failed to file an answer to the complaint or otherwise respond. The Plaintiff, The Cincinnati Insurance Company ("CIC"), moved for entry of default judgment and default judgment in this action. The Clerk of the Court entered default against Defendants. LDC now moves this Court for leave to file an answer out of time and to set aside entry of default. The Court will grant LDC's motions.

Fed. R. Civ. P. 55(c) states that "[t]he court may set aside an entry of default for good cause…." Under the good cause standard, "'the district court enjoys considerable latitude' to grant a defendant relief from a default entry." *SEC v. Merklinger*, 489 Fed. App'x 937, 939 (6th Cir. 2012) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). In determining whether good cause exists, this Court considers "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Merklinger*, 489 Fed. App'x at 939 (internal quotations and citations omitted).

1

1. Culpable Conduct

Under Fed. R. Civ. P. 55(c), "it is not necessary that conduct be excusable to qualify for relief…." *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986). For this Court to deem a defendant's conduct culpable, the defendant "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (quoting *Shepard Claims Serv.*, 796 F.2d at 194).

Plaintiff CIC argues that LDC, through its registered agent Wesley Henderson, was aware of this lawsuit but failed to file an answer or otherwise respond. Pl.'s Reply Supp. Mot. Default 2-3, ECF No. 25. Henderson, who is not an attorney, received service in connection with this lawsuit at his home and believed the service was related to a pending class action in another district involving LDC's dispute with its insurer. Henderson Decl. ¶¶ 2-6, ECF No. 21-2. In that pending action, LDC is represented by counsel. *Id.* ¶ 6. Henderson further alleges that "Since Plaintiff was defending LDC in the class action and was in dialogue with our counsel I assumed … that this suit was related to this action and that the lawyers were working it out." *Id.* ¶ 7. LDC's purported reasons lack any "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Therefore, LDC's conduct is not culpable.

2. Meritorious Defense

A defense is meritorious under Fed. R. Civ. P. 55(c) "if there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (quotations and citations omitted). "[T]he test is not whether the defendant will win at trial, but rather whether

the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (citations omitted).

LDC raises affirmative defenses in its tendered answer, including that CIC's claim is barred "by the terms of the relevant insurance policies" and "by doctrines of equity including waiver, estoppel, and unclean hands." Def.'s Answer ¶¶ 17-18, ECF No. 20-2. These affirmative defenses constitute defenses "good at law." *Burrell*, 434 F.3d at 834. Thus, LDC has a meritorious defense under Rule 55(c).

3. Prejudice to the Plaintiff

In establishing prejudice, delay alone is insufficient. *See Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 535 (6th Cir. 2009) (quotations and citations omitted). CIC "would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Id.* at 835.

CIC argues it would be prejudiced if the Court sets aside the default because (1) CIC has expended time and funds in securing the entry of default; (2) the set aside would prevent entry of default against other defendants; and (3) CIC would be required to continue defending LDC in the pending class action. *See* Pl.'s Reply Supp. Mot. Default 4, ECF No. 25.

Securing an entry of default will always require some time and expense. If this alone constituted prejudice for Rule 55(c) analysis, the plaintiff would always be prejudiced. This is not the Rule's intention and CIC must show more than expense in securing the default.

3

Further, CIC is correct that setting aside LDC's default would prevent CIC from entry of default against the other defendants. This alone does not overcome the Court's preference in deciding cases on the merits. Further, as LDC alleges, these additional defendants "are not a key part of this dispute," Def.'s Reply Supp. Mot. Set Aside Default & Leave 5, ECF No. 27, as CIC in its complaint describes this action's purpose is "to determine the duties and obligations of *Plaintiff CIC* with regard to … insurance contracts…." Pl.'s Compl. ¶ 1, ECF No. 1 (emphasis added). CIC also does not explain why its continued obligation of defending LDC in another pending action should impact prejudice in this particular case.

The Court finds setting aside the entry of default would not sufficiently prejudice CIC.

4. Conclusion

The Court will grant LDC's motion to set aside entry of default. The Court will also grant LDC's motion for leave to file an answer out of time.

A separate order will be entered in accordance with this opinion.

October 29, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

4